UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **JOHNNY O' CONNOR** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  4:11-cv-01722-RWS |
| v. ) | |
| ) | |
| **DIVERSIFEID CONSULTANTS, INC.** ) | JURY TRIAL DEMANDED |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

### AMENDED CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Johnny L. O' Connor, Jr., and for his Amended Class Action Complaint states as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and for Defendant's violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

### JURISDICTION

2. This Court has jurisdiction of the FDCPA claim under 15 USC 1692k (d).

3. This Court has jurisdiction of the TCPA claim under 47 USC 227 (3)(b).

### PARTIES

4. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA and TCPA.  The alleged debt at issue in this action arises out of consumer, family, and household transactions.

5. Defendant Diversified Consultants, Inc. is a foreign corporation with its principal place of business located in Jacksonville, Florida.  The principal business purpose of Defendant

1

is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants are "debt collectors" as defined by the FDCPA. *15 USC 1692a (6)*.

## FACTS

### *Defendant's July, 2011 Telephone Conduct*

7. In or about July, 2011, Defendant initiated collection activity and communication with Plaintiff with approximately five "live conversation" phone calls placed to Plaintiff's cellular phone in a three-day span.

8. In addition, in or about July, 2011, Defendant placed other phone calls to Plaintiff's cellular phone and left voicemail messages for Plaintiff as described herein.

9. Defendant used an automatic telephone dialing system, as defined by 47 USC 227(a)(1), to make all of its calls Plaintiff's cellular phone.

10. Defendant's calls were not for an emergency purpose and Plaintiff never authorized Defendant to contact his cell phone.

11. Plaintiff was charged for Defendant's phone calls made to his cellular phone.

12. Defendant used numerous "anonymous" numbers to disguise its identity as a debt collector and to prevent Plaintiff from determining that it was Defendant calling.

13. For example, caller ID could not detect that it was Defendant that was calling and some calls showed up as anonymous calls.

14. Upon information and belief, Defendant knew all along that it was calling Plaintiff's cellular phone, that it was hiding its identity as a debt collector when it was calling, and that it was causing Defendant to incur charges for those calls.

15. Upon information and belief, Defendant used numerous other outbound numbers to call Plaintiff on its dialer.

2

16. Defendant's initial collection communication with Plaintiff occurred in a phone call on or about July 20, 2011.

17. On or about July 20, 2011, Defendant called Plaintiff and left a voicemail message that, to the best of Plaintiff's recollection, failed to disclose the identity of Defendant as a debt collector.

18. On or about July 25, Defendant called Plaintiff multiple times and left multiple messages for Plaintiff that failed to disclose the identity of Defendant as a debt collector.

19. In a third July 25 call wherein Plaintiff called back Defendant and talked to a bill collector, Plaintiff requested a written statement from Defendant showing the amount of the debt, to whom it was owed, the address for disputes, and describing what, if any, right Plaintiff had to dispute the debt or to request verification of the debt.

20. In the July 25 call, Plaintiff explained that he was doubtful that the debt was valid.

21. In the July 25 call, Defendant responded by yelling at Plaintiff, interrupting Plaintiff, and refused to send Plaintiff any additional mailing. Defendant conceded that it had the wrong address for Plaintiff and that it had never sent him any written communication.

22. In the July 25 call, Defendant threatened to report the debt to various credit bureaus.

23. Upon information and belief, the debt had already been reported to various credit bureaus.

24. In the July 25 call, Plaintiff asked to speak to a supervisor but Defendant hung up on him.

25. Shortly after hanging up on Plaintiff, a supervisor from Defendant's office called back Plaintiff. Plaintiff gave the supervisor Plaintiff's correct address and again requested the mailing. This time, the supervisor agreed to send the mailing.

26. On July 26, Defendant again called Plaintiff.

3

27. In the July 26 call, Defendant's bill collector became irate when dealing with Plaintiff and verbally harassed Plaintiff by yelling at him and cutting him off.

28. In the July 26 call, Defendant told Plaintiff that it had changed its mind about sending Plaintiff anything in writing, and told Plaintiff that he had no right to dispute the debt and had no right not to pay the debt.

29. In the July 26 call, Defendant told Plaintiff that if Plaintiff wanted to obtain information about the debt that Plaintiff would have to call U.S. Cellular because Defendant would refuse to provide Plaintiff with any information.

30. In the July 26 call, Plaintiff requested the mailing that Defendant previously promised it would send, but the irate collector insisted that nothing would be mailed.

31. In the July 26 call, Defendant told Plaintiff that he had to disclose his email address in order to receive any information about the debt.  Plaintiff declined, and Defendant became agitated and resumed yelling at Plaintiff.

32. On July 27, Defendant called Plaintiff yet again.

33. In the July 27 call, Defendant failed to identify that it was a debt collector.

34. In the July 27 call, Plaintiff described how Defendant promised to send him the mailing and that Plaintiff was waiting on the same.

35. In the July 27 call, Defendant stated that it was now refusing to send anything in writing whatsoever to Plaintiff.

36. In the July 27 call, Defendant harassed Plaintiff and became verbally aggressive.

37. Defendant never provided Plaintiff the information required by 15 U.S.C. 1692g(a) within five days of its initial collection communication with Plaintiff.

38. All of Defendant's above-described collection communication were attempts to collect a debt the full amount of which was not authorized by Plaintiff's agreement with the

4

original creditor and/or was not authorized by the agreement between the original creditor and Defendant.

39. All of Defendant's threats related to credit reporting were false because either (1) the debt was already on Plaintiff's credit report or (2) Plaintiff's agreement with the original creditor required arbitration to resolve all disputes with the creditor and did not allow the creditor or Defendant to engage in credit reporting.

40. Defendant's conduct caused Plaintiff to incur actual monetary damages including but not limited to cellular telephone bills and charges.

## CLASS ALLEGATIONS

41. Upon information and belief, it is Defendant's routine practice to engage in the above-described collection tactics in its phone calls to consumers.

42. Upon information and belief, it is Defendant's routine practice to violate the TCPA by using an automatic dialer to call consumers' cellular phones without the consumers' express consent in non-emergency situations wherein the consumer is charged for the call.

43. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The two-part class consists of the following persons:

    a. Part one (the "FDCPA class"): all residents of the United States who, within one year prior to the filing date of this Complaint, received any of the following:

        i. A voice message from Defendant that failed to disclose Defendant's identity and/or failed to disclose that Defendant was a debt collector.

5

  ii. A live telephone call from Defendant where Defendant failed to disclose that Defendant was a debt collector.

  iii. A telephone call placed from Defendant to the class member's cellular phone for which the class member was charged, or

  iv. Multiple telephone calls per day from Defendant.

 b. Part two (the "TCPA class"): all residents of the United States who received on a cellular phone, within one year prior to the date of the Complaint:

  i. Any telephone call or voicemail message wherein the class member was charged, and

  ii. Where Defendant used an auto dialer, and

  iii. Where the call was placed in a non-emergency situation, and

  iv. Where the recipient failed to provide prior express consent to Defendant to be contacted on his or her cellular telephone.

44. Members of the class are so numerous that joinder is impracticable. Based on Plaintiff's research of complaints from other consumers, Defendant is a high volume debt collector that attempts to collect many thousands of consumer debts throughout the United States.

45. Upon information and belief, Defendant has engaged in the improper collection communications and telephone calls described above with thousands of consumers.

46. Plaintiff is a member of the class he seeks to represent.

47. There are no unique defenses Defendant can assert against Plaintiff individually, as distinguished from the class.

48.   Plaintiff will assure the adequate representation of all members of the class and will have no conflict with class members in the maintenance of this action.  Plaintiff's interests in this action are typical of the class and are antagonistic to the interests of the Defendant. Plaintiff has no interest or relationship with the Defendant that would prevent him from litigating this matter fully.  Plaintiff is aware that settlement of a class action is subject to court approval and she will vigorously pursue the class claims throughout the course of this action.

49.   A class action will provide a fair and efficient method to adjudicate this controversy since the claims of the class members are virtually identical in that they raise the same questions of law and involve the same methods of collection and telephone contact by the Defendant.

50.   Most, if not all, the facts needed to determine damages are obtainable from the Defendant's records.

51.   The purposes of the FDCPA and the TCPA will be best effectuated by a class action.

52.   A class action is superior to other methods for the fair and efficient adjudication of this controversy.

53.   Furthermore, as damages suffered by most members of the class are relatively small in relation to the costs, expense, and burden of litigation, it would be difficult for members of the class individually to redress the wrongs done to them.

54.   Many, if not all, class members are unaware that claims exist against the Defendant.  There will be no unusual difficulty in the management of this action as a class action.

55.   Seven common questions of law and fact predominate over all individual questions in this action.  The common questions are whether: (1) Defendant is a "debt collector" pursuant to the FDCPA; (2) the liabilities that Defendant has sought to collect from class

7

members constitute "consumer debt" under the FDCPA; (3)  whether Defendant caused the class to incur charges for Defendant's communication via concealment; (4) whether Defendant failed to disclose its identity in voice messages and phone calls with consumers, (5) whether Defendant called consumers multiple times per day; (6) whether Defendant used an auto dialer to contact class members' cellular phones; and (7) whether Defendant's autodialed calls were authorized by the class members for a non-emergency purpose.

56. Because many class members are unaware of their claims and because their claims are small in relation to the cost of an individual suit, a class action is the only proceeding in which class members can, as a practical matter, recover.

57. Plaintiff and Plaintiff's counsel have the necessary financial resources to adequately and vigorously litigate this class action.  Plaintiff's counsel will fairly and adequately represent and protect the interests of the Class.

58. All Class members have been damaged in precisely the same fashion, by precisely the same conduct.  The loss suffered by individual Class members is calculable and ascertainable.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

59. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

60. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, *15 USC 1692a-j, et. seq.*, including, but not limited to, the following:

   a. Defendant failed to identify itself as a debt collector. 15 U.S.C. §1692d,e;

   b. Defendant caused Plaintiff to incur charges by concealment. 15 U.S.C. § 1692f(5).

   c. Defendant attempted to collect an unauthorized amount.  15 U.S.C. §1692f(1);

   d. Defendant failed to send the Plaintiff a validation notice within five days of the initial communication.  15 U.S.C. §1692g;

**8**

e.  Defendant engaged in conduct that the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.  15 U.S.C. § 1692d-f;

f.  Defendant communicated a false impression of the character, amount and legal status of the debt.  15 U.S.C. §1692e;

g.  Defendant used unfair and unconscionable practices to attempt to collect the debt.  15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and in favor of Plaintiff and the class for:

A.  Judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Attorneys' Fees;

D.  Statutory damages, costs and reasonable attorney's fees pursuant to 15 USC 1692(k); and

E.  For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATION OF THE TCPA

61.  Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

62.  In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the following:

a.  Placing numerous autodialed non-emergency phone calls to Plaintiff's cellular phone without express authorized consent of the Plaintiff, causing Plaintiff to be charged for incoming calls in violation of 47 USC 227(b) (1) (A) (iii).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant and in favor of Plaintiff and the class for:

A.  Judgment that Defendant's conduct violated the TCPA;

9

B. Actual damages;

C. Attorneys' Fees;

D. Statutory damages pursuant to 47 USC (b)(3); and

E. For such other relief as the Court may deem just and proper.

**EASON & VOYTAS, LLC**

s/ James W. Eason

_____
**JAMES W. EASON, #57112MO
RICHARD A. VOYTAS, JR. #52046MO
Eason & Voytas, LLC
1141 South Seventh Street
St. Louis, Missouri 63104
Phone: (314) 304-9444;(314) 600-3323
Fax:     (314) 667-3161**

10

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2011, a copy of the foregoing was sent via email/ECF to the following counsel of record:

SPENCER FANE BRITT & BROWNE LLP

/s/ Patrick T. McLaughlin
Patrick T. McLaughlin  #48633MO
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
(314) 863-7733 (Telephone)
(314) 862-4656 (Facsimile)
pmclaughlin@spencerfane.com

and

Steven R. Dunn (pro hac vice motion to be filed)
5420 LBJ Freeway, Suite 577
Dallas, Texas 75240
(214) 692.5533 (Telephone)
(214) 692.5534 (Facsimile)
sdunnfirm@aol.com


                                        s/ James W. Eason
                                        _____