UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY O'CONNOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:11CV1722 RWS |
| | ) |
| DIVERSIFIED CONSULTANTS, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Johnny O'Connor is suing Defendant Diversified Consultants, Inc. on his own behalf and on behalf of other similarly situated individuals. The basis of this action is Diversified's alleged violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, et seq. and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. Several motions have been filed by the parties.

*Diversified's motion to dismiss*

Diversified filed a motion to deny class certification of this action based on O'Connor's alleged inability to be an adequate class representative. Diversified asserts that O'Connor's credibility is in question because he is not certain of the dates of some of Diversified's debt collection efforts; he filed for bankruptcy in 1996 and 2004; he has sued debt collectors in the past; he has trouble paying his bills; and he owes a tax debt.

The focus of the requirement that a named class representative be able to fairly and adequately represent the class is whether: "(1) the class representative[ has] common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute

the interests of the class through qualified counsel." Paxton v. Union Nat. Bank,  688 F.2d 552, 562 -563 (8th Cir. 1982).  Diversified's challenge to O'Connor's adequacy as a class representative centers on O'Connor's credibility.  Diversified has not cited to any United States Supreme Court case or any United States Court of Appeals for the Eighth Circuit case in support of its challenge to O'Connor's proposed representation of the class.

Courts have held that a judge may "consider the honesty and trustworthiness of the named plaintiff" in determining whether he is an adequate class representative.  See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2nd Cir. 1998).  A plaintiff may be an inadequate class representative when he is "so lacking in credibility that [he is] likely to harm [the] case."  In re Frontier Ins. Group, Inc. Securities Litigation, 172 F.R.D. 31, 47 (E.D. N.Y. 1997).  None of Diversified's assertions against O'Connor challenge his honesty or trustworthiness.  Nor do they lead to the conclusion that O'Connor is so lacking in credibility that he is likely to harm the case.  To the contrary, the basis of Diversified's challenge describes the unsurprising circumstances of many people who might be getting calls from debt collectors.  As a result I will deny Diversified's motion to dismiss.

*Diversified's motion to compel*

Diversified has filed a motion to compel full responses to its interrogatories and requests for documents directed to O'Connor.  Diversified divides this motion into two topics of discovery.

The first topic seeks information relating to O'Connor's ability to be an adequate class representative.  Diversified's Interrogatory No. 5 asks O'Connor to "[p]lease set forth the facts which support your allegation that Plaintiff is an adequate class representative."  Such an inquiry

clearly calls for a legal conclusion.  In addition, O'Connor's motion for a class certification which would contain such information is not yet due.  Moreover, O'Connor has filed a motion to file an amended complaint which he asserts contains all the facts known to O'Connor which justify his adequacy as a class representative.

The second topic seeks information concerning how this class action lawsuit is a "superior method" to pursue the relief sought under the FDCPA and the TCPA.  Such requests also seeks legal conclusions.  In addition, O'Connor should be allowed to conduct discovery from Diversified to test whether a class action is appropriate.  A challenge to the appropriateness of individual claims to be tried as a class action may be addressed directly through the legal briefing of the class certification process.  As a result, I will deny Diversified's motion to compel.

*O'Connor's motion to strike*

O'Connor has filed a motion to strike Diversified's objections to several of O'Connor's requests for admissions.  Specifically, Diversified has objected to requests numbers 7 through 12. Request number 7 seeks an admission that Diversified used it "telephone dialing system" to place telephone calls to more than 100 "consumers'" cell phones within the four years prior to the filing of the lawsuit.  Diversified objected to the time period and use of the terms "telephone dialing system" and "consumers."  The time period is relevant because the statute of limitations under the TCPA is four years.  However the terms "telephone dialing system" and "consumers" are vague. The same vague use of the term "consumers" is also used in the remaining disputed requests for admission.  I will deny O'Connor's motion to strike based on these infirmities in his requests for admissions.  However, O'Connor may resubmit these requests and clearly define the challenged terms.  Under Federal Rule of Civil Procedure 36(a)(4), Diversified must make a reasonable

inquiry of its own information systems and collection information to either admit of deny each request.

*O'Connor's motion to file an amended complaint*

O'Connor has filed a motion to file a second amended complaint. Diversified does not oppose the motion. O'Connor has also moved for an extension of time to file his class certification brief. I will grant both of these motions.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant's motion to dismiss [#26] is **DENIED**. Plaintiff's motion for oral argument of Defendant's motion to dismiss [#28] is **DENIED** as moot.

**IT IS FURTHER ORDERED that** Defendant's motion to compel [#31] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion to strike Defendant's objections to requests for admissions [#37] is **DENIED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion for leave to file a second amended complaint [#36] is **GRANTED**. Defendant shall have until **September 28, 2012** to file a responsive pleading.

**IT IS FURTHER ORDERED that** Plaintiff's motion for an extension of time to file his class certification brief [#38] is **GRANTED**.  Plaintiff's brief in support of class certification must be filed no later than **November 2, 2012**.  Opposition briefs shall be filed no later than **December 3, 2012** and any reply brief may be filed no later than **December 13, 2012**. The class certification hearing is reset to be held on **January 15, 2013 at 10:00 a.m.** in Courtroom 16 South.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of September, 2012.