UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JOHNNY O'CONNOR, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:11 CV 1722 RWS |
| DIVERSIFIED CONSULTANTS, INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Johnny O'Connor brought suit against Defendant Diversified Consultants, Inc. asserting claims under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq. and the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227, et seq. On July 25, 2013, I granted Diversified's motion for summary judgment on O'Connor's on TCPA claims. O'Connor has moved for summary judgment on his remaining claims under the FDCPA. Diversified opposes the motion. Because I find that there are genuine issues of material fact which need to be resolved in this matter, I will deny O'Connor's motion.

*Background*

Plaintiff O'Connor's complaint claims that Diversified violated the FDCPA when its representatives called O'Connor several times on his cell phone in an attempt to collect a debt O'Connor owed to U.S. Cellular. O'Connor asserts that Diversified acquired the debt for collection on July 23, 2011.[1] He alleges that Diversified representatives called him two times on

---

[1] I note that the complaint gives conflicting dates as to when Diversified acquired the debt. Paragraph 15 of the complaint states that it was on July, 23, 2011 while paragraph 7 states that it was acquired on July 24, 2013. For purposes of deciding the present motion, it makes no difference whether it was the 23rd or the 24th.

July 25, 2011. In the first call the representative allegedly demanded payment of the debt, and refused to send anything regarding the debt in writing. A second representative allegedly called later that day and demanded immediate payment of the debt but did agree to send paperwork. On July 26, 2011, another Diversified representative called O'Connor and allegedly demanded immediate payment of the debt and told O'Connor he had no right to dispute the debt. O'Connor alleges that he received another call from Diversified on July 27, 2013 in which the representative refused to send anything in writing to O'Connor.

O'Connor alleges that during these calls Diversified's representatives "never told Plaintiff that the payment demand was subject to Plaintiff's rights to dispute the debt, request validation, or to receive verification of the debt." (Doc. # 42, Pl.'s Second Amend Compl. at ¶ 43) O'Connor asserts that Diversified's demands for immediate payment within the thirty day dispute period provided for by § 1692g "overshadowed" his "dispute/ verification/ validation rights" thereby violating the FDCPA.

### *Legal Standard*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Lynn v. Deaconess Medical Center, 160 F.3d 484, 486 (8th Cir. 1998)(citing Fed. R. Civ. P. 56(c)). The party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the affidavits, pleadings, depositions, answers to interrogatories, and admissions on file which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When such a motion

is made and supported by the movant, the nonmoving party may not rest on his pleadings but must produce sufficient evidence to support the existence of the essential elements of his case on which he bears the burden of proof. Id. at 324. In resisting a properly supported motion for summary judgment, the plaintiff has an affirmative burden to designate specific facts creating a triable controversy. Crossley v. Georgia-Pacific Corp., 355 F.3d 1112, 1113 (8th Cir. 2004).

*Analysis*

The FDCPA is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices. See 15 U.S.C. § 1692. The FDCPA requires collectors give debtors a written notice (referred to in the debt collection industry as a "dunning letter") of their rights within 5 days of a initial communication with the debtor. The initial contact may be a telephone call or it may be the dunning letter itself. If debtors make a written request within 30 days of receiving the dunning letter asking for verification information about the debt or disputing the debt, the debt collection must cease collection efforts until the debt collector places verification information in the mail to the debtor. 15 U.S.C. § 1692g. "[T]he validation period is not a grace period; in the absence of a dispute notice, the debt collector is allowed to demand immediate payment and to continue collection activity." Ellis v. Solomon and Solomon, P.C., 591 F.3d 130, 135 (2nd Cir. 2010)(internal quotation and citation omitted). However "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt..." § 1692g(b).

In support of his motion for summary judgment, O'Connor asserts that Diversified's calls overshadowed O'Connor's rights under section 1692g in three separate ways: (1) Diversified failed to honor O'Connor's oral debt validation requests; (2) Diversified demanded immediate

payment of the debt; and (3) Diversified threatened "negative account activity" within O'Connor's "statutory dispute period."

Summary judgment is not appropriate on these claims because material facts are in dispute as to each of the claims. Diversified's evidence indicates that it sent O'Connor a dunning letter on July 25, 2011. [Doc. # 71, Ex. 2 pp. 93 and 107] O'Connor asserts that he never received the dunning letter. [Id., Ex. 2 p. 2]

O'Connor claims that Diversified failed to honor his oral request to send him a validation of his debt. However, failing to send a validation based on an oral request is not a violation of the FDCPA. Section 1692g clearly states that the validation request must be made in writing. O'Connor has not submitted any evidence that he made a validation request in wring. As a result, he is not entitled to summary judgment on this claim.

In his second ground for summary judgment, O'Connor asserts that Diversified overshadowed his rights by demanding payment of the debt with the thirty-day "statutory window for dispute, validation, and verification." [Doc. # 73, Pl.'s Mem. in Supp. at 7] However, the thirty-day statutory window is not a grace period and the debt collector is free to demand payment as long as these demands do not overshadow the debtor's rights. Ellis, 591 F.3d at 135. Whether Diversified's payment demand overshadowed O'Connor's rights under the FDCPA is a question for the trier of fact and not the basis for summary judgment.

As the basis for his third ground for summary judgment, O'Connor asserts that the "third violation, related to the second, was Defendant's threat of negative action on Plaintiff's account if he did not pay the debt during the call." [Doc. # 73, Pl.'s Mem. in Supp. at 8]. As stated above, whether the statements by Diversified's representatives in their contacts with O'Connor

overshadowed his rights under the FDCPA is a question of fact and not subject to summary judgment.

Moreover, Diversified asserts that O'Connor was represented by counsel when he was contacted by Diversified's representatives. Defendant lists eleven lawsuits O'Connor filed in state court, since June 2011, asserting claims under the FDCPA. Diversified asserts that these facts create a genuine issue of fact as to whether O'Connor had actual knowledge of his rights under the FDCPA when he was contacted by Diversified in late July 2011. Diversified argues that this evidence creates a genuine issue of fact as to whether O'Connor's rights were overshadowed during his conversations with Diversified's representatives.

In his remaining ground for summary judgment, O'Connor asserts that the Diversified representatives failed to identify themselves during the phone calls and failed to inform O'Connor that they were attempting to collect a debt in violation of section 1692e(11). Section 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Under section 1692e(11), a debt collector violates the FDCPA if they fail to "disclose in subsequent communications that the communication is from a debt collector."

This ground also entails a genuine dispute over material fact and is refuted, at least in part, by the evidence before me. In support of this ground, O'Connor asserts that in the call he received from from Diversified at 3:22 p.m. on July 25, 2011, "Defendant did not identify itself as a debt collector." [Id. at 4] However, in the transcript of that phone call, Diversified's debt collector explicitly states he is calling from Diversified Consultants and that he is calling "regarding a past due U.S. Cellular bill for $310.86." [Doc. # 71, Ex. 2 p. 92] The conversation

between the Diversified representative and O'Connor clearly shows the call is an effort to collect a debt O'Connor owed to U.S. Cellular. There was no deception or any attempt to hide the identity or the purpose of the call. This evidence appears to identify the caller as a debt collector. At a minimum, this issue is a question of fact to be decided by a jury.

O'Connor also asserts that during another call at 2:25 p.m. on July 26, 2011, Diversified's employee failed to identify himself as a debt collector. [Doc. # 73, Pl.'s Mem. in Supp. at 4] However, in the transcript of that phone call, Diversified's debt collector, as in the previous call, identifies himself as working for Diversified Consultants and states that he is calling in an attempt to resolve the debt O'Connor owes to U.S. Cellular for $310.86. [Doc. # 71, Ex. 2 pp. 127-131] Moreover, Diversified's representative explicitly states that "our calls are only an attempt to collect on the debt. Any information that we obtain from you, whether it be personal or payment information, can only be used for that purpose." [Doc. # 71, Ex. 2 p. 129] This declaration seems to clearly identify the caller is a debt collector. At a minimum, facts in this claim are in dispute an not subject to summary judgment.

Finally, O'Connor asserts that a Diversified representative called the next day, July 27, 2011, at 11:49 a.m. to discuss his U.S. Cellular debt. O'Connor asserts that the caller failed to identify herself as a debt collector. [Doc. # 73, Pl.'s Mem. in Supp. at 4] The transcript of that call reveals, as in the previous calls, Diversified's representative identified herself as calling from "Diversified Consultants on behalf of the U.S. Cellular account for $310.86 to try to see what we can do to help get this resolved." [Doc. # 71, Ex. 2 pp. 140] The conversation clearly indicates that O'Connor understands this is a follow-up phone call regarding his debt with U.S. Cellular and Diversified is the debt collector. At a minimum, whether Diversified identified itself as a

debt collector in this call is a question of fact for the jury.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for summary judgment [#70] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 5th day of March, 2014.